DOWDELL *v.* THE STATE.

ATKINSON, Presiding Justice. 1. It was not ground for new trial that the judge instructed the jury "that the evidence should be so conclusive as to exclude every reasonable doubt."

2. Ground 2, which complains that the judge charged the jury that "The reasonable doubt of the law is one that grows out of the evidence, which arises from want of evidence or grows out of a conflict in the evidence, and leaves a reasonable mind wavering and unsettled, not satisfied from the evidence," did not show error, in view of full instructions with respect to effect to be given to the statement of the defendant. *Clements* v. *State,* 140 *Ga.* 165 (78 S. E. 716); *Welch* v. *State,* 176 *Ga.* 410 (168 S. E. 256); *Allen* v. *State,* 194 *Ga.* 430 (22 S. E. 2d, 65).

3. It was not error to instruct the jury that "The defendant, under our law, is permitted by law to make a statement in his own behalf; that statement is not under oath; he is not sworn. You can believe a part and reject a part. You can believe it to the exclusion of the sworn testimony in the case, provided you believe it to be true."

4. The court did not err in his instructions concerning dying declarations.

5. The remaining grounds of the motion are expressly abandoned.

6. The verdict was supported by the evidence.

*Judgment affirmed. All the Justices concur.*

No. 14128. SEPTEMBER 22, 1942.

*Ernest C. Britton* and *Joseph O. McGehee,* for plaintiff in error.
*Ellis G. Arnall, attorney-general, Hubert Calhoun, solicitor-general,* and *E. L. Reagan, assistant attorney-general,* contra.